**B1 (Official Form 1) (1/08)**

| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF ILLINOIS<br>EASTERN DIVISION (CHICAGO) | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Gallardo, Sharon A.** | Name of Joint Debtor (Spouse)  (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):<br>**xxx-xx-7414** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |

| Street Address of Debtor (No. and Street, City, and State):<br>**3885 Windjammer Lane**<br>**Hanover Park, IL** | | Street Address of Joint Debtor (No. and Street, City, and State): | |
|---|---|---|---|
| | ZIP CODE<br>**60133** | | ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Du Page** | | County of Residence or of the Principal Place of Business: | |
| Mailing Address of Debtor (if different from street address):<br>**3885 Windjammer Lane**<br>**Hanover Park, IL** | | Mailing Address of Joint Debtor (if different from street address): | |
| | ZIP CODE<br>**60133** | | ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | | | ZIP CODE |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed    (Check one box.) |
|---|---|---|
| [x] Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br><br>[ ] Corporation (includes LLC and LLP)<br><br>[ ] Partnership<br><br>[ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.) | [ ] Health Care Business<br>[ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>[ ] Railroad<br>[ ] Stockbroker<br>[ ] Commodity Broker<br>[ ] Clearing Bank<br>[ ] Other | [ ] Chapter 7        [ ] Chapter 15 Petition for Recognition<br>[ ] Chapter 9            of a Foreign Main Proceeding<br>[ ] Chapter 11<br>[ ] Chapter 12      [ ] Chapter 15 Petition for Recognition<br>[x] Chapter 13          of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>[ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>[x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    [ ] Debts are primarily business debts. |

| Filing Fee  (Check one box.) | Chapter 11 Debtors |
|---|---|
| [x] Full Filing Fee attached.<br><br>[ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b).  See Official Form 3A.<br><br>[ ] Filing Fee waiver requested (applicable to chapter 7 individuals only).  Must attach signed application for the court's consideration.  See Official Form 3B. | **Check one box:**<br>[ ] Debtor is a small business debtor as defined by 11 U.S.C. § 101(51D).<br>[ ] Debtor is not a small business debtor as defined by 11 U.S.C. § 101(51D).<br>**Check if:**<br>[ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>**Check all applicable boxes:**<br>[ ] A plan is being filed with this petition.<br>[ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| [x] Debtor estimates that funds will be available for distribution to unsecured creditors.<br>[ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

B1 (Official Form 1) (1/08)                                                                                                    Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):   **Sharon A. Gallardo** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed:<br>**None** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor**   (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr>
<td>

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐  Exhibit A is attached and made a part of this petition.

</td>
<td>

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

**X**  /s/ Charles Wm. Dobra, Esq.                                    12/04/2008
      **Charles Wm. Dobra, Esq.**                                    Date

</td>
</tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☑  No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (1/08)                                                                                    Page 3

| Voluntary Petition | Name of Debtor(s): **Sharon A. Gallardo** |
|---|---|
| *(This page must be completed and filed in every case)* | |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). | (Check only one box.) |
| | ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| **X** /s/ Sharon A. Gallardo | |
| **Sharon A. Gallardo** | **X**_____ |
| **X**_____ | (Signature of Foreign Representative) |
| | _____ |
| Telephone Number (If not represented by attorney) | (Printed Name of Foreign Representative) |
| **12/04/2008** | _____ |
| Date | Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| **X** /s/ Charles Wm. Dobra, Esq. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. |
| **Charles Wm. Dobra, Esq.**      Bar No. **00647039** | |
| **Charles Wm. Dobra, Ltd.** | |
| **675 E. Irving Park Road** | |
| **Suite 100** | |
| **Roselle, Illinois  60172** | |
| Phone No. **(630) 893-2494**      Fax No. **(630) 893-2497** | Printed Name and title, if any, of Bankruptcy Petition Preparer |
| **12/04/2008** | _____ |
| Date | Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. | |
| The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. | Address _____ |
| | **X**_____ |
| **X**_____ | Date |
| Signature of Authorized Individual | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. |
| _____ | Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. |
| Printed Name of Authorized Individual | |
| _____ | If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. |
| Title of Authorized Individual | |
| _____ | *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.* |
| Date | |

B6A (Official Form 6A) (12/07)

In re  **Sharon A. Gallardo**                                              Case No. _____
                                                                                          (if known)

# SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| Single family home located at 3885 Windjammer Lane, Hanover Park, IL 60133.  Purchased in 2006 for $260,000.00.  2nd mortgage also in 2006; needed 2nd mortgage for 100% financing; had lost money on sale of prior home. | 100% joint interest | J | $238,200.00 | $255,186.86 |
| | | Total: | **$238,200.00** | |

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re  **Sharon A. Gallardo**                                    Case No. _____
                                                                                  (if known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | United States Currency | W | $20.00 |
| 2. Checking, savings or other finan-cial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and home-stead associations, or credit unions, brokerage houses, or cooperatives. | | Checking account (Wachovia Bank; account number: 1010208134178)<br><br>Saving account (Wachovia Bank; account number: 3000103645330) | W<br><br>W | $0.00<br><br>$25.00 |
| 3. Security deposits with public util-ities, telephone companies, land-lords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | One ordinary lot of misc. household goods, used appliances, vcr, dvd, furnishings, tvs, etc. | W | $1,500.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books, figurines, music, etc | W | $75.00 |
| 6. Wearing apparel. | | One ordinary lot of clothing suitable for two employed adults. | W | $400.00 |
| 7. Furs and jewelry. | | 1 wedding ring and 1 watch | W | $60.00 |
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Insurance policy (Cigna Group Insurance through Arthur J. Gallagher & Co., certificate number: 6463198; P. O. Box 14577, Des Moines, IA 50306) (Group Universal Life; cash-in value shown). | W | $177.00 |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Sharon A. Gallardo**                                  Case No. _____
                                                                        (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | | 401(k) through employer (MassMutual Financial Group) | W | $9,127.34 |
| | | Pension through employer (Prudential Company) (pension is frozen) | W | $5,056.87 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Sharon A. Gallardo**                                        Case No. _____
                                                                              (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercis-able for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliqui-dated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Sharon A. Gallardo**                                        Case No. _____

                                                                                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2000 Chevrolet Prizm LSI (VIN: 1Y1SK5489YZ405759) (Insurance: Safeco Insurance, 2800 W Higgins Road, Ste 1100, Hoffman Estates, IL 60195; policy number: Z3724114) (68,890 miles); fair condition. | W | $3,000.00 |
| | | 1997 Toyota 4 Runner SR5 (204,000 miles and currently not running) (Insurance policy through: Founders Insurance Company, 1645 E Birchwood Avenue, Des Plaines, IL 60018; policy number: QVIL136311; VIN: JT3HN86RXV0119842); poor condition. | W | $200.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Sharon A. Gallardo**                                      Case No. _____
                                                                              (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 4*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |

_____4_____ continuation sheets attached                          **Total  >**   $19,641.21

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

B6C (Official Form 6C) (12/07)

In re  **Sharon A. Gallardo**

Case No. _____
(If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)

☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $136,875.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Single family home located at 3885 Windjammer Lane, Hanover Park, IL 60133.  Purchased in 2006 for $260,000.00.  2nd mortgage also in 2006; needed 2nd mortgage for 100% financing; had lost money on sale of prior home. | 735 ILCS 5/12-901 | $0.00 | $238,200.00 |
| United States Currency | 735 ILCS 5/12-1001(b) | $20.00 | $20.00 |
| Checking account (Wachovia Bank; account number: 1010208134178) | 735 ILCS 5/12-1001(b) | $0.00 | $0.00 |
| Saving account (Wachovia Bank; account number: 3000103645330) | 735 ILCS 5/12-1001(b) | $25.00 | $25.00 |
| One ordinary lot of misc. household goods, used appliances, vcr, dvd, furnishings, tvs, etc. | 735 ILCS 5/12-1001(b) | $1,500.00 | $1,500.00 |
| Books, figurines, music, etc | 735 ILCS 5/12-1001(b) | $75.00 | $75.00 |
| One ordinary lot of clothing suitable for two employed adults. | 735 ILCS 5/12-1001(a), (e) | $400.00 | $400.00 |
| 1 wedding ring and 1 watch | 735 ILCS 5/12-1001(a), (e) | $60.00 | $60.00 |
| Insurance policy (Cigna Group Insurance through Arthur J. Gallagher & Co., certificate number: 6463198; P. O. Box 14577, Des Moines, IA 50306) (Group Universal Life; cash-in value shown). | 735 ILCS 5/12-1001(f) | $177.00 | $177.00 |
| | | **$2,257.00** | **$240,457.00** |

B6C (Official Form 6C) (12/07) -- Cont.

In re  **Sharon A. Gallardo**                                          Case No. _____
                                                                                    (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 1*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| 401(k) through employer (MassMutual Financial Group) | 735 ILCS 5/12-1006 | $9,127.34 | $9,127.34 |
| Pension through employer (Prudential Company) (pension is frozen) | 735 ILCS 5/12-1006 | $5,056.87 | $5,056.87 |
| 2000 Chevrolet Prizm LSI (VIN: 1Y1SK5489YZ405759) (Insurance: Safeco Insurance, 2800 W Higgins Road, Ste 1100, Hoffman Estates, IL 60195; policy number: Z3724114) (68,890 miles); fair condition. | 735 ILCS 5/12-1001(c) | $1,373.85 | $3,000.00 |
| 1997 Toyota 4 Runner SR5 (204,000 miles and currently not running) (Insurance policy through: Founders Insurance Company, 1645 E Birchwood Avenue, Des Plaines, IL 60018; policy number: QVIL136311; VIN: JT3HN86RXV0119842); poor condition. | 735 ILCS 5/12-1001(c) | $200.00 | $200.00 |
| | | $18,015.06 | $257,841.21 |

B6D (Official Form 6D) (12/07)

In re  **Sharon A. Gallardo**                                    Case No. _____
                                                                                          (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: **xxxxx7195**<br><br>**Green Tree Servicing**<br>**P. O. Box 6172**<br>**Rapid City, SD 57709-6172** | X | - | DATE INCURRED:<br>NATURE OF LIEN:<br>**100% joint interest**<br>COLLATERAL:<br>**Single family home located at 3885 Windjammer L**<br>REMARKS:<br><br><br>VALUE:                     **$238,200.00** | | | X | $51,364.12 | $16,986.86 |
| ACCT #: **xxxxxx55-00**<br><br>**Short Term Loans, LLC**<br>**1400 E Touhy Avenue, #108**<br>**Des Plaines, IL 60018** | | W | DATE INCURRED:     **8/08**<br>NATURE OF LIEN:<br>**Chattel mortgage**<br>COLLATERAL:<br>**2000 Chevrolet Prizm LSI (VIN: 1Y1SK5489YZ4057**<br>REMARKS:<br><br><br>VALUE:                       **$3,000.00** | | | X | $1,626.15 | |
| ACCT #: **xxx3771**<br><br>**Taylor Bean & Whitaker Mortgage Corp**<br>**1417 N. Magnolia Avenue**<br>**Ocala, FL 34475** | X | - | DATE INCURRED:<br>NATURE OF LIEN:<br>**Mortgage**<br>COLLATERAL:<br>**Single family home located at 3885 Windjammer L**<br>REMARKS:<br><br><br>VALUE:                     **$238,200.00** | | | X | $203,822.74 | |
| | | | | | | | | |
| | | | Subtotal (Total of this Page) > | | | | $256,813.01 | $16,986.86 |
| | | | Total (Use only on last page) > | | | | $256,813.01 | $16,986.86 |

_____**No**_____ continuation sheets attached

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (12/07)

In re  **Sharon A. Gallardo**                                       Case No. _____
                                                                              (If Known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,425* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☑ **Administrative allowances under 11 U.S.C. Sec. 330**
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

\* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____**1**_____continuation sheets attached

B6E (Official Form 6E) (12/07) - Cont.

In re  **Sharon A. Gallardo**                                    Case No. _____
                                                                                 (If Known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| TYPE OF PRIORITY | Administrative allowances |
|---|---|

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCT #:<br><br>**Charles Wm. Dobra, Esq.**<br>**675 E Irving Park Road**<br>**Suite 100**<br>**Roselle, IL 60172** | | W | DATE INCURRED:  **11/10/2008**<br>CONSIDERATION:<br>**Attorney Fees**<br>REMARKS: | | | | $1,387.50 | $1,387.50 | $0.00 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. ____1____ of ____1____ continuation sheets
attached to Schedule of Creditors Holding Priority Claims

|  | Subtotals (Totals of this page) > | $1,387.50 | $1,387.50 | $0.00 |
|---|---|---|---|---|
| | Total > | $1,387.50 | | |
| **(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)** | | | | |
| | Totals > | | $1,387.50 | $0.00 |
| **(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)** | | | | |

B6F (Official Form 6F) (12/07)

In re   **Sharon A. Gallardo**                                    Case No. _____
(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  xxx-xx-xxxx<br>**AmeriCash Loans**<br>**2500 W Schaumburg Road**<br>**Schaumburg, IL 60193** | | W | DATE INCURRED:  **3/08**<br>CONSIDERATION:<br>**Payday loan**<br>REMARKS: | | | X | $2,000.00 |
| ACCT #:<br>**Ameriloan**<br>**3531 P Street NW**<br>**P. O. Box 111**<br>**Miami, OK 74355**<br>**Attn;  Collection Department - MP702** | | W | DATE INCURRED:  **6/08**<br>CONSIDERATION:<br>**Payday loan**<br>REMARKS: | | | X | $500.00 |
| ACCT #:  xxxx-xxxx-xxxx-8959<br>**BP-Amoco**<br>**P. O. Box 15298**<br>**Wilmington, DE 19850-5298** | | W | DATE INCURRED:  **2006**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | X | $2,000.00 |
| ACCT #:  xxxxxxxxxxxxx2610<br>**CACH, LLC**<br>**Trauner Cohen & Thomas, LLP**<br>**5901-C Peachtree Dunwood Road, Ste 500**<br>**Atlanta, GA 30328** | | W | DATE INCURRED:  **1999**<br>CONSIDERATION:<br>**Non-Purchase Money**<br>REMARKS: | | | X | $11,000.00 |
| ACCT #:  xxxx-xxxx-xxxx-4540<br>**Capital One Bank**<br>**P. O. Box 30285**<br>**Salt Lake City, UT 84130-0285** | | W | DATE INCURRED:  **2000**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | X | $5,000.00 |
| ACCT #:  xxxx3443<br>**Cash Direct Express**<br>**GECC Preferred**<br>**300 Creek View Road, Ste 204**<br>**Newark, DE 19711-8548** | | W | DATE INCURRED:  **2008**<br>CONSIDERATION:<br>**Payday loan**<br>REMARKS: | | | X | $600.00 |

Subtotal >   **$21,100.00**

____**4**____continuation sheets attached

**Total >**
(Use only on last page of the completed Schedule F.)
**(Report also on Summary of Schedules and, if applicable, on the**
**Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Sharon A. Gallardo**                              Case No. _____
                                                                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**CashCall, Inc.**<br>**1600 S. Douglass Road**<br>**Anaheim, CA 92806** | | W | DATE INCURRED: **2/07**<br>CONSIDERATION:<br>**Personal loan**<br>REMARKS:<br>**No collateral.** | | | X | **$5,000.00** |
| ACCT #:<br>**CashCall, Inc.**<br>**First Bank of Delaware**<br>**50 S 16th Street, Ste 2400**<br>**Philadelphia, PA 19102** | | W | DATE INCURRED: **2/07**<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **$0.00** |
| ACCT #: **xxxxx-xx1044**<br>**Check Into Cash**<br>**104 N Barrington Road**<br>**Streamwood, IL 60107** | | W | DATE INCURRED: **9/08**<br>CONSIDERATION:<br>**Payday loan**<br>REMARKS: | | | X | **$700.00** |
| ACCT #: **xxxx-xxxx-xxxx-1683**<br>**Citi**<br>**Box 6000**<br>**The Lakes, NV 89163-6000** | | W | DATE INCURRED: **2005**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | X | **$3,500.00** |
| ACCT #: **xxxxxxx-xxx3606**<br>**Citifinancial**<br>**1338 N Roselle Road**<br>**Schaumburg, IL 60195-3646** | | W | DATE INCURRED: **11/07**<br>CONSIDERATION:<br>**Personal loan**<br>REMARKS: | | | X | **$11,000.00** |
| ACCT #: **x0705**<br>**CMK Investments, Inc.**<br>**d/b/a All Credit Lenders**<br>**P. O. Box 589**<br>**Plainfield, IL 60544** | | W | DATE INCURRED: **7/08**<br>CONSIDERATION:<br>**Payday loan**<br>REMARKS: | | | X | **$3,360.14** |

Sheet no. _____1_____ of _____4_____ continuation sheets attached to                      **Subtotal >**     **$23,560.14**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                                                          **Total >**
                                                       **(Use only on last page of the completed Schedule F.)**
                                                       **(Report also on Summary of Schedules and, if applicable, on the**
                                                       **Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Sharon A. Gallardo**                                        Case No. _____
                                                                                          (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  xxxx-xxxx-8885<br>**Discover Card Services**<br>P. O. Box 30943<br>Salt Lake City, UT 84130-0395 | | W | DATE INCURRED: **2005**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | X | **$15,000.00** |
| ACCT #:  xxxx-xxxx-xxxx-5315<br>**First Premier Bank**<br>P. O. Box 5524<br>Sioux Falls, SD 57117-5524 | | W | DATE INCURRED: **5/08**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | X | **$600.00** |
| ACCT #:  xxxx3443<br>**GECC Preferred**<br>**PD Recovery, Inc.**<br>P. O. Box 22290<br>Salt Lake City, UT 84122 | | W | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **$0.00** |
| ACCT #:  xxxx-xxxx-xxxx-5007<br>**Harlem Furniture**<br>**WFNNB**<br>**Bankruptcy Department**<br>P. O. Box 182125<br>Columbus, OH 43218-2125 | | W | DATE INCURRED: **9/06**<br>CONSIDERATION:<br>**Store account**<br>REMARKS: | | | X | **$3,000.00** |
| ACCT #:  xxxx-xxxx-xxxx-5007<br>**Harlem Furniture**<br>**World Financial Network National Bank**<br>P. O. Box 659704<br>San Antonio, TX 78265-9704 | | W | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **$0.00** |
| ACCT #:  xxxx-xxxx-673-6<br>**JC Penney**<br>P. O. Box 981131<br>El Paso, TX 79998 | | W | DATE INCURRED: **2008**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | X | **$650.00** |

Sheet no. ____**2**____ of ____**4**____ continuation sheets attached to                    **Subtotal >**           **$19,250.00**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                                                       **Total >**
                                                    **(Use only on last page of the completed Schedule F.)**
                                        **(Report also on Summary of Schedules and, if applicable, on the**
                                        **Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Sharon A. Gallardo**                                    Case No. _____
                                                                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xx5956**<br>**Loan Shop Online**<br>**2207 Concord Pike, #250**<br>**Wlimington, DE 19803** | | W | DATE INCURRED: **4/08**<br>CONSIDERATION:<br>**Payday loan**<br>REMARKS: | | | X | $1,000.00 |
| ACCT #:  **xxxxx3228**<br>**National City Bank**<br>**P. O. Box 8043**<br>**Royal Oak, MI** | | W | DATE INCURRED: **9/08**<br>CONSIDERATION:<br>**Overdraft**<br>REMARKS: | | | X | $2,300.00 |
| ACCT #:  **x6406**<br>**Power Funding, Inc.**<br>**110 E Center Street, #322**<br>**Madison, S.D.** | | W | DATE INCURRED: **10/07**<br>CONSIDERATION:<br>**Payday loan**<br>REMARKS: | | | | $430.00 |
| ACCT #:  **xxx xxxxxx2410**<br>**Quest Diagnostics, Inc.**<br>**American Medical Collection Agency**<br>**2269 S Saw Mill River Road, Bldg 3**<br>**Elmsford, NY 10523** | | W | DATE INCURRED: **5/06**<br>CONSIDERATION:<br>**Medical services**<br>REMARKS: | | | X | $371.90 |
| ACCT #:  **xxx xxxxxx1194**<br>**Quest Diagnostics, Inc.**<br>**American Medical Collection Agency**<br>**2269 S Saw Mill River Road, Bldg. 3**<br>**Elmsford, NY 10523** | | W | DATE INCURRED: **6/07**<br>CONSIDERATION:<br>**Medical services**<br>REMARKS: | | | X | $40.50 |
| ACCT #:<br>**QuickClick Loans**<br>**P. O. Box 5040**<br>**Alpharett, GA 30023** | | W | DATE INCURRED: **2007**<br>CONSIDERATION:<br>**Personal loan**<br>REMARKS:<br>**No collateral needed** | | | X | $1,500.00 |

Sheet no. ____**3**____ of ____**4**____ continuation sheets attached to                 **Subtotal >**        $5,642.40
Schedule of Creditors Holding Unsecured Nonpriority Claims

**Total >**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re **Sharon A. Gallardo**                                    Case No. _____

                                                                          (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  **xxxx-xxxx-xxxx-4777** <br> **Sears Card** <br> **P. O. Box 6283** <br> **Sioux Falls, SD 57117-6283** | | W | DATE INCURRED: <br> CONSIDERATION: <br> **Credit Card** <br> REMARKS: | | X | | $1,500.00 |
| ACCT #:  **xxxx-xxxx-xxxx-5684** <br> **Wells Fargo Financial Bank** <br> **P. O. Box 5943** <br> **Sioux Falls, SD 57117-5943** | | - | DATE INCURRED: <br> CONSIDERATION: <br> **Credit Card** <br> REMARKS: | | X | | $6,500.00 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Sheet no. ____4____ of ____4____ continuation sheets attached to          **Subtotal >**          $8,000.00
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                     **Total >**          $77,552.54
                                        **(Use only on last page of the completed Schedule F.)**
                                        **(Report also on Summary of Schedules and, if applicable, on the**
                                        **Statistical Summary of Certain Liabilities and Related Data.)**

B6G (Official Form 6G) (12/07)

In re  **Sharon A. Gallardo**                                    Case No. _____
                                                                            (if known)


# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to
one of the leases of contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a
minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).


☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

B6H (Official Form 6H) (12/07)

In re  **Sharon A. Gallardo**                                    Case No. _____

                                                                                                         (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Rafael Gallardo**<br>3885 Windjammer Lane<br>Hanover Park, IL 60133 | **Green Tree Servicing**<br>P. O. Box 6172<br>Rapid City, SD 57709-6172 |
| **Rafael Gallardo**<br>3885 Windjammer Lane<br>Hanover Park, IL 60133 | **Taylor Bean & Whitaker Mortgage Corp**<br>1417 N. Magnolia Avenue<br>Ocala, FL 34475 |

B6I (Official Form 6I) (12/07)

In re **Sharon A. Gallardo**                                           Case No. _____
                                                                              (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| **Married** | Relationship(s): Son<br>Husband | Age(s): 8<br>35 | Relationship(s): | Age(s): |

| **Employment:** | **Debtor** | **Spouse** |
|---|---|---|
| Occupation | Manager, WC Self Insurance | Laborer |
| Name of Employer | Gallagher Bassett Service | Party Central |
| How Long Employed | 14 years | |
| Address of Employer | Two Pierce Place | 163 Covington |
| | Itasca, IL 60143 | Bloomingdale, IL 60108 |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | | **DEBTOR** | **SPOUSE** |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $4,656.96 | $2,773.33 |
| 2. | Estimate monthly overtime | $0.00 | $1,154.40 |
| 3. | SUBTOTAL | $4,656.96 | $3,927.73 |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes (includes social security tax if b. is zero) | $585.96 | $428.39 |
| | b. Social Security Tax | $277.30 | $243.53 |
| | c. Medicare | $64.86 | $109.29 |
| | d. Insurance | $184.00 | $0.00 |
| | e. Union dues | $0.00 | $0.00 |
| | f. Retirement | $0.00 | $0.00 |
| | g. Other (Specify)    401(k) loan          / 401(k) | $286.66 | $117.82 |
| | h. Other (Specify)    401(k) loan | $371.72 | $0.00 |
| | i. Other (Specify)    GLife | $75.14 | $0.00 |
| | j. Other (Specify)    ADDP | $0.30 | $0.00 |
| | k. Other (Specify) | $0.00 | $0.00 |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $1,845.94 | $899.03 |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | $2,811.02 | $3,028.70 |
| 7. | Regular income from operation of business or profession or farm (Attach detailed stmt) | $0.00 | $0.00 |
| 8. | Income from real property | $0.00 | $0.00 |
| 9. | Interest and dividends | $0.00 | $0.00 |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | $0.00 |
| 11. | Social security or government assistance (Specify): | $0.00 | $0.00 |
| 12. | Pension or retirement income | $0.00 | $0.00 |
| 13. | Other monthly income (Specify): | | |
| | a. | $0.00 | $0.00 |
| | b. | $0.00 | $0.00 |
| | c. | $0.00 | $0.00 |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $0.00 | $0.00 |
| 15. | AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $2,811.02 | $3,028.70 |
| 16. | COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $5,839.72 | |

(Report also on Summary of Schedules and, if applicable,
on Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Debtor's husband's overtime varies from week to week.**

B6J (Official Form 6J) (12/07)

IN RE:  **Sharon A. Gallardo**                                     Case No. _____
                                                                                            (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $2,328.00 |
|    a. Are real estate taxes included?  ☑ Yes  ☐ No | |
|    b. Is property insurance included?  ☑ Yes  ☐ No | |
| 2. Utilities:  a. Electricity and heating fuel | $185.00 |
|            b. Water and sewer | $27.26 |
|            c. Telephone | $53.00 |
|            d. Other:  2nd mortgage | $470.81 |
| 3. Home maintenance (repairs and upkeep) | $100.00 |
| 4. Food | $500.00 |
| 5. Clothing | $40.00 |
| 6. Laundry and dry cleaning | $25.00 |
| 7. Medical and dental expenses | $50.00 |
| 8. Transportation (not including car payments) | $200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $130.00 |
| 10. Charitable contributions | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|           a. Homeowner's or renter's | |
|           b. Life | |
|           c. Health | |
|           d. Auto | $114.00 |
|           e. Other: | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| Specify: | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|           a. Auto:  2000 Chevrolet Prism | $325.23 |
|           b. Other:  Tuition | $327.08 |
|           c. Other:  After school care | $140.00 |
|           d. Other:  Internet, cable trash pick-up | $178.00 |
| 14. Alimony, maintenance, and support paid to others: | |
| 15. Payments for support of add'l dependents not living at your home:   Supports spouse's parents | $400.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| 17.a. Other: | |
| 17.b. Other: | |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | **$5,593.38** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:  **None.**

20. STATEMENT OF MONTHLY NET INCOME
| | |
|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $5,839.72 |
| b. Average monthly expenses from Line 18 above | $5,593.38 |
| c. Monthly net income (a. minus b.) | $246.34 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **Sharon A. Gallardo**                                       Case No. _____

                                                                        (if known)


# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**22**_____
sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date **12/04/2008**_____          Signature  **/s/ Sharon A. Gallardo**_____

                                                                        ***Sharon A. Gallardo***


Date _____          Signature  _____

                                                          [If joint case, both spouses must sign.]


---

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or
both.  18 U.S.C. §§ 152 and 3571.*

B7 (Official Form 7) (12/07)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

In re:   **Sharon A. Gallardo**                                              Case No.   _____

                                                                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$94,915.00** | **2007- Employment for both debtor and spouse.** |
| **$93,387.00** | **2005- Employment for both debtor and spouse.** |

### 2. Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 3. Payments to creditors

***Complete a. or b., as appropriate, and c.***

None
☑

a.  Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

b.  Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

c.  All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☑

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (12/07) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:    **Sharon A. Gallardo**                                          Case No. _____

                                                                                                    (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 1*

---

**None**
☑

### 5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**None**
☑

### 6. Assignments and receiverships

a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**None**
☑

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**None**
☐

### 7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **St. Peter the Apostle Church** **500 N Cherry Street** **Itasca, IL 60143** | **None** | **Weekly** | **$1,040.00 over a year, at $20.00 per week.** |

---

**None**
☑

### 8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**None**
☐

### 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Charles Wm. Dobra, Esq.** **675 E Irving Park Road** **Suite 100** **Roselle, IL 60172** | **11/06/2008** | **$1,237.50** |

---

**None**
☑

### 10. Other transfers

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (12/07) - Cont.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

In re:   **Sharon A. Gallardo**                                           Case No. _____
                                                                                                (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 2*

---

None ☑
b.  List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

### 11. Closed financial accounts

None ☑
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 12. Safe deposit boxes

None ☑
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 13. Setoffs

None ☑
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 14. Property held for another person

None ☑
List all property owned by another person that the debtor holds or controls.

---

### 15. Prior address of debtor

None ☑
If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

---

### 16. Spouses and Former Spouses

None ☑
If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

B7 (Official Form 7) (12/07) - Cont.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

In re:   **Sharon A. Gallardo**                                    Case No. _____

                                                                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 3*

## 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

None ☑ b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑ c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

## 18. Nature, location and name of business

None ☑ a.  If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

None ☑ b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

B7 (Official Form 7) (12/07) - Cont.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

In re:   **Sharon A. Gallardo**                                    Case No. _____

                                                                                          (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 4*

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

---

### 19. Books, records and financial statements

None
☑  a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

---

None
☑  b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

---

None
☑  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

---

None
☑  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

---

### 20. Inventories

None
☑  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

---

None
☑  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

---

### 21. Current Partners, Officers, Directors and Shareholders

None
☑  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

None
☑  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

---

### 22. Former partners, officers, directors and shareholders

None
☑  a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

---

None
☑  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

B7 (Official Form 7) (12/07) - Cont.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

In re:    **Sharon A. Gallardo**                                    Case No. _____
                                                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 5*

---

None
☑

### 23. Withdrawals from a partnership or distributions by a corporation

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

---

None
☑

### 24. Tax Consolidation Group

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

---

None
☑

### 25. Pension Funds

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

B7 (Official Form 7) (12/07) - Cont.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Sharon A. Gallardo**                                        Case No.   _____

                                                                                    (if known)


# STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 6*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **12/04/2008**_____         Signature _____**/s/ Sharon A. Gallardo**_____
                                                     of Debtor      **_Sharon A. Gallardo_**

Date _____                Signature _____
                                                     of Joint Debtor
                                                     (if any)

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.*
*18 U.S.C. §§ 152 and 3571*

B 201 (12/08)

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION (CHICAGO)**

IN RE:   **Sharon A. Gallardo**

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a JOINT CASE (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1.   Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.**  The briefing must be given within 180 days BEFORE the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2.   The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7:   Liquidation  ($155 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $209)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts.  If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law.  Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

IN RE:   **Sharon A. Gallardo**

## Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income
### ($155 filing fee, $39 administrative fee: Total fee $194)

1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

## Chapter 11:  Reorganization  ($800 filing fee, $39 administrative fee: Total fee $839)
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors.  Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12:  Family Farmer or Fisherman    ($200 filing fee, $39 administrative fee: Total fee $239)
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:**   Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

## Certificate of Compliance with § 342(b) of the Bankruptcy Code

I, _____**Charles Wm. Dobra, Esq.**_____ , counsel for Debtor(s), hereby certify that I delivered to the Debtor(s) the Notice required by § 342(b) of the Bankruptcy Code.

**/s/ Charles Wm. Dobra, Esq.**
Charles Wm. Dobra, Esq., Attorney for Debtor(s)
Bar No.: 00647039
Charles Wm. Dobra, Ltd.
675 E. Irving Park Road
Suite 100
Roselle, Illinois  60172
Phone: (630) 893-2494
Fax: (630) 893-2497

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

IN RE:   **Sharon A. Gallardo**

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

**Sharon A. Gallardo**                                             X   **/s/ Sharon A. Gallardo**              **12/04/2008**
_____                                  Signature of Debtor                          Date
_____
Printed Name(s) of Debtor(s)                                       X   _____

Case No. (if known)  _____              Signature of Joint Debtor (if any)          Date

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:  **Sharon A. Gallardo**                                  CASE NO

                                                                CHAPTER   **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept: | **$2,625.00** |
| Prior to the filing of this statement I have received: | **$1,237.50** |
| Balance Due: | **$1,387.50** |

2. The source of the compensation paid to me was:
   ☑ Debtor                    ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☑ Debtor                    ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **12/04/2008** | **/s/ Charles Wm. Dobra, Esq.** |
| *Date* | *Charles Wm. Dobra, Esq.*          Bar No.  00647039 |
| | Charles Wm. Dobra, Ltd. |
| | 675 E. Irving Park Road |
| | Suite 100 |
| | Roselle, Illinois  60172 |
| | Phone: (630) 893-2494 / Fax: (630) 893-2497 |

---

**/s/ Sharon A. Gallardo**
*Sharon A. Gallardo*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

IN RE:   **Sharon A. Gallardo**                                             CASE NO

                                                                            CHAPTER     **13**

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date  12/04/2008                                    Signature  /s/ Sharon A. Gallardo
                                                               *Sharon A. Gallardo*

Date _____          Signature _____

AmeriCash Loans
2500 W Schaumburg Road
Schaumburg, IL 60193

Check Into Cash
104 N Barrington Road
Streamwood, IL 60107

Harlem Furniture
World Financial Network Nationa
P. O. Box 659704
San Antonio, TX 78265-9704

Ameriloan
3531 P Street NW
P. O. Box 111
Miami, OK 74355
Attn;  Collection Department - 1

Citi
Box 6000
The Lakes, NV 89163-6000

JC Penney
P. O. Box 981131
El Paso, TX 79998

BP-Amoco
P. O. Box 15298
Wilmington, DE 19850-5298

Citifinancial
1338 N Roselle Road
Schaumburg, IL 60195-3646

Loan Shop Online
2207 Concord Pike, #250
Wlimington, DE 19803

CACH, LLC
Trauner Cohen & Thomas, LLP
5901-C Peachtree Dunwood Road,
Atlanta, GA 30328

CMK Investments, Inc.
d/b/a All Credit Lenders
P. O. Box 589
Plainfield, IL 60544

National City Bank
P. O.  Box 8043
Royal Oak, MI

Capital One Bank
P. O. Box 30285
Salt Lake City, UT 84130-0285

Discover Card Services
P. O. Box 30943
Salt Lake City, UT 84130-0395

Power Funding, Inc.
110 E Center Street, #322
Madison, S.D.

Cash Direct Express
GECC Preferred
300 Creek View Road, Ste 204
Newark, DE 19711-8548

First Premier Bank
P. O. Box 5524
Sioux Falls, SD 57117-5524

Quest Diagnostics, Inc.
American Medical Collection Age
2269 S Saw Mill River Road, Bld
Elmsford, NY 10523

CashCall, Inc.
1600 S. Douglass Road
Anaheim, CA 92806

GECC Preferred
PD Recovery, Inc.
P. O. Box 22290
Salt Lake City, UT 84122

Quest Diagnostics, Inc.
American Medical Collection Age
2269 S Saw Mill River Road, Bld
Elmsford, NY 10523

CashCall, Inc.
First Bank of Delaware
50 S 16th Street, Ste 2400
Philadelphia, PA 19102

Green Tree Servicing
P. O. Box 6172
Rapid City, SD 57709-6172

QuickClick Loans
P. O. Box 5040
Alpharett, GA 30023

Charles Wm. Dobra, Esq.
675 E Irving Park Road
Suite 100
Roselle, IL 60172

Harlem Furniture
WFNNB
Bankruptcy Department
P. O. Box 182125
Columbus, OH 43218-2125

Rafael Gallardo
3885 Windjammer Lane
Hanover Park, IL 60133

Sears Card
P. O. Box 6283
Sioux Falls, SD 57117-6283


Short Term Loans, LLC
1400 E Touhy Avenue, #108
Des Plaines, IL 60018


Taylor Bean & Whitaker Mortgage
1417 N. Magnolia Avenue
Ocala, FL 34475


Wells Fargo Financial Bank
P. O. Box 5943
Sioux Falls, SD 57117-5943

B21 (Official Form 21) (12/07)

## STATEMENT OF SOCIAL-SECURITY NUMBER OR
## INDIVIDUAL TAXPAYER-IDENTIFICATION NUMBER (ITIN)

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION (CHICAGO)

In re:    **Sharon A. Gallardo**                                    Case No.    _____

**DEBTOR(S)**

Address: **3885 Windjammer Lane**                          Chapter    __13_____
**Hanover Park, IL 60133**

**Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN)
No(s). (if any):** __xxx-xx-7414_____
**Employer's Tax Identification (EIN) No(s). (if any):**_____

### STATEMENT OF SOCIAL-SECURITY NUMBER(S)
### (or other Individual Taxpayer-Identification Number(s) (ITIN(s)))

1. Name of Debtor (Last, First, Middle):  **Gallardo, Sharon A.**_____
*(Check the appropriate box and, if applicable, provide the required information.)*

☑ Debtor has a Social-Security Number and it is:    **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**_____
*(If more than one, state all.)*

☐ Debtor does not have a Social-Security Number but has an Individual Taxpayer-Identification
Number (ITIN), and it is: _____
*(If more than one, state all.)*

☐ Debtor does not have either a Social-Security Number or an Individual Taxpayer-Identification
Number (ITIN).

2. Name of Joint Debtor (Last, First, Middle): _____
*(Check the appropriate box and, if applicable, provide the required information.)*

☐ Joint Debtor has a Social-Security Number and it is:    _____
*(If more than one, state all.)*

☐ Joint Debtor does not have a Social-Security Number but has an Individual Taxpayer-Identification
Number (ITIN), and it is: _____
*(If more than one, state all.)*

☐ Joint Debtor does not have either a Social-Security Number or an Individual Taxpayer-Identification
Number (ITIN).

I declare under penalty of perjury that the foregoing is true and correct.

X   __/s/ Sharon A. Gallardo_____        **12/04/2008**_____
**Sharon A. Gallardo**                                              Date
Signature of Debtor

---

*Joint debtors must provide information for both spouses.*
Penalty for making a false statement:   Fine of up to $250,000 or up to 5 years imprisonment or both.  18 U.S.C. §§ 152 and 3571.

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2008*

**B22C (Official Form 22C) (Chapter 13) (01/08)**

In re: **Sharon A. Gallardo**

Case Number:

| According to the calculations required by this statement: |
|---|
| ☐ **The applicable commitment period is 3 years.** |
| ☑ **The applicable commitment period is 5 years.** |
| ☑ **Disposable income is determined under § 1325(b)(3).** |
| ☐ **Disposable income is not determined under § 1325(b)(3).** |
| (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. REPORT OF INCOME | | |
|---|---|---|

| | | Column A | Column B |
|---|---|---|---|
| | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐  Unmarried.   **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☑  Married.   **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| 1 | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br><br>Debtor's Income | **Column B**<br><br>Spouse's Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $3,880.80 | $3,323.47 |
| 3 | **Income from the operation of a business, profession, or farm.**   Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3.  If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment.  Do not enter a number less than zero.   **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | |
| | a.  Gross receipts                          $0.00          $0.00 | | |
| | b.  Ordinary and necessary business expenses    $0.00          $0.00 | | |
| | c.  Business income          Subtract Line b from Line a | $0.00 | $0.00 |
| 4 | **Rent and other real property income.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4.  Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | |
| | a.  Gross receipts                          $0.00          $0.00 | | |
| | b.  Ordinary and necessary operating expenses   $0.00          $0.00 | | |
| | c.  Rent and other real property income    Subtract Line b from Line a | $0.00 | $0.00 |
| 5 | **Interest, dividends, and royalties.** | $0.00 | $0.00 |
| 6 | **Pension and retirement income.** | $0.00 | $0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. | $0.00 | $0.00 |
| 8 | **Unemployment compensation.**   Enter the amount in the appropriate column(s) of Line 8.  However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a   Debtor   Spouse<br>benefit under the Social Security Act        $0.00    $0.00 | $0.00 | $0.00 |
| 9 | **Income from all other sources.**  Specify source and amount.  If necessary, list additional sources on a separate page.  Total and enter on Line 9.   **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance.  Do not include** any benefits received under the the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>a.<br>b. | $0.00 | $0.00 |

| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B.  Enter the total(s). | $3,880.80 | $3,323.47 |
|----|----|----|----|
| 11 | **Total.**  If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 10, Column A. | $7,204.27 | |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11. | $7,204.27 |
|----|----|----|
| 13 | **Marital adjustment.**   If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose.  If necessary, list additional adjustments on a separate page.  If the conditions for entering this adjustment do not apply, enter zero. | |

|  | a. | **Support of spouse's mother in Mexico** | $400.00 |
|----|----|----|----|
|  | b. |  |  |
|  | c. |  |  |
|  |  | Total and enter on Line 13. | $400.00 |

| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $6,804.27 |
|----|----|----|
| 15 | **Annualized current monthly income for § 1325(b)(4).**  Multiply the amount from Line 14 by the number 12 and enter the result. | $81,651.24 |
| 16 | **Applicable median family income.**  Enter the median family income for applicable state and household size.  (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence:  **Illinois**  b. Enter debtor's household size:  **3** | $66,189.00 |
| 17 | **Application of § 1325(b)(4).**  Check the applicable box and proceed as directed.<br><br>☐  **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br><br>☑  **The amount on Line 15 is not less than the amount on Line 16.**  Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | $7,204.27 |
|----|----|----|
| 19 | **Marital adjustment.**   If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents.  Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose.  If necessary, list additional adjustments on a separate page.  If the conditions for entering this adjustment do not apply, enter zero. | |

|  | **Support of spouse's mother in Mexico** | $400.00 |
|----|----|----|
|  |  |  |
|  |  |  |
|  | Total and enter on Line 19. | $400.00 |

| 20 | **Current monthly income for § 1325(b)(3).**  Subtract Line 19 from Line 18 and enter the result. | $6,804.27 |
|----|----|----|
| 21 | **Annualized current monthly income for § 1325(b)(3).**  Multiply the amount from Line 20 by the number 12 and enter the result. | $81,651.24 |
| 22 | **Applicable median family income.**  Enter the amount from Line 16. | $66,189.00 |
| 23 | **Application of § 1325(b)(3).**  Check the applicable box and proceed as directed. <br> ☑ **The amount on Line 21 is more than the amount on Line 22.**  Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement. <br> ☐ **The amount on Line 21 is not more than the amount on Line 22.**  Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement.  DO NOT COMPLETE PARTS IV, V, OR VI. | |

| Part IV. CALCULATION OF DEDUCTIONS FROM INCOME |
|----|

| Subpart A: Deductions under Standards of the Internal Revenue Service (IRS) |
|----|

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.**  Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable household size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $1,151.00 |
|----|----|----|

<table>
<tr><td rowspan="2">24B</td><td colspan="2"><b>National Standards: health care.</b>  Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  Enter in Line b1 the number of members of your household who are under 65 years of age and enter in Line b2 the number of members of your household who are 65 years of age or older.  (The total number of household members must be the same as the number stated in Line 16b.)  Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1.  Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2.  Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B.</td><td rowspan="2"></td></tr>
<tr><td></td></tr>
</table>

| Household members under 65 years of age | | | Household members 65 years of age or older | | | |
|----|----|----|----|----|----|----|
| a1. | Allowance per member | $57.00 | a2. | Allowance per member | $144.00 | |
| b1. | Number of members | 3 | b2. | Number of members | | |
| c1. | Subtotal | $171.00 | c2. | Subtotal | $0.00 | $171.00 |

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $535.00 |
|----|----|----|

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.**  Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B.  DO NOT ENTER AN AMOUNT LESS THAN ZERO. | |
|----|----|----|

| | a. | IRS Housing and Utilities Standards; mortgage/rent expense | $1,504.00 | |
|----|----|----|----|----|
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $4,253.12 | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $0.00 |

| 26 | **Local Standards: housing and utilities; adjustment.**  If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | |
|----|----|----|

**B22C (Official Form 22C) (Chapter 13) (01/08)**

| | | |
|---|---|---|
| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7.  ☐ 0  ☒ 1  ☐ 2 or more. If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation.  If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region.  (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | **$217.00** |
| 27B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from IRS Local Standards: Transportation.  (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | **$0.00** |

| | | | |
|---|---|---|---|
| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense.  (You may not claim an ownership/lease expense for more than two vehicles.)  ☐ 1  ☒ 2 or more Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28.  DO NOT ENTER AN AMOUNT LESS THAN ZERO. | | |
| | a. | IRS Transportation Standards, Ownership Costs | $489.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $27.10 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | **$461.90** |

| | | | |
|---|---|---|---|
| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29.  DO NOT ENTER AN AMOUNT LESS THAN ZERO. | | |
| | a. | IRS Transportation Standards, Ownership Costs | $489.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $0.00 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | **$489.00** |

| | | |
|---|---|---|
| 30 | **Other Necessary Expenses: taxes.**  Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social-security taxes, and Medicare taxes.  DO NOT INCLUDE REAL ESTATE OR SALES TAXES. | **$1,390.17** |
| 31 | **Other Necessary Expenses: involuntary deductions for employment.**  Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs.  DO NOT INCLUDE DISCRETIONARY AMOUNTS, SUCH AS VOLUNTARY 401(K) CONTRIBUTIONS. | **$0.00** |
| 32 | **Other Necessary Expenses: life insurance.**  Enter total average monthly premiums that you actually pay for term life insurance for yourself.  DO NOT INCLUDE PREMIUMS FOR INSURANCE ON YOUR DEPENDENTS, FOR WHOLE LIFE OR FOR ANY OTHER FORM OF INSURANCE. | **$62.62** |
| 33 | **Other Necessary Expenses: court-ordered payments.**  Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments.  DO NOT INCLUDE PAYMENTS ON PAST DUE OBLIGATIONS INCLUDED IN LINE 49. | **$0.00** |

B22C (Official Form 22C) (Chapter 13) (01/08)

| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | **$0.00** |
|---|---|---|
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare--such as baby-sitting, day care, nursery and preschool.  DO NOT INCLUDE OTHER EDUCATIONAL PAYMENTS. | **$140.00** |
| 36 | **Other Necessary Expenses: health care.**   Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B.  DO NOT INCLUDE PAYMENTS FOR HEALTH INSURANCE OR HEALTH SAVINGS ACCOUNTS LISTED IN LINE 39. | **$0.00** |
| 37 | **Other Necessary Expenses: telecommunication services.**   Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service--such as pagers, call waiting, caller id, special long distance, or internet service--to the extent necessary for your health and welfare or that of your dependents.  DO NOT INCLUDE ANY AMOUNT PREVIOUSLY DEDUCTED. | **$0.00** |
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | **$4,617.69** |

<table>
<tr><td colspan="3" align="center"><b>Subpart B: Additional Living Expense Deductions</b><br><b>Note: Do not include any expenses that you have listed in Lines 24-37</b></td></tr>
</table>

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.**   List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | |
|---|---|---|
| | | |

| | | | |
|---|---|---|---|
| | a. | Health Insurance | $153.33 |
| | b. | Disability Insurance | $0.00 |
| | c. | Health Savings Account | $0.00 |

| | Total and enter on Line 39 | **$153.33** |
|---|---|---|
| | IF YOU DO NOT ACTUALLY EXPEND THIS TOTAL AMOUNT, state your actual total average monthly expenditures in the space below: _____ | |

| 40 | **Continued contributions to the care of household or family members.**  Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.  DO NOT INCLUDE PAYMENTS LISTED IN LINE 34. | **$400.00** |
|---|---|---|
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law.  The nature of these expenses is required to be kept confidential by the court. | **$0.00** |
| 42 | **Home energy costs.**  Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs.  YOU MUST PROVIDE YOUR CASE TRUSTEE WITH DOCUMENTATION OF YOUR ACTUAL EXPENSES, AND YOU MUST DEMONSTRATE THAT THE ADDITIONAL AMOUNT CLAIMED IS REASONABLE AND NECESSARY. | |
| 43 | **Education expenses for dependent children under 18.**  Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age.  YOU MUST PROVIDE YOUR CASE TRUSTEE WITH DOCUMENTATION OF YOUR ACTUAL EXPENSES, AND YOU MUST EXPLAIN WHY THE AMOUNT CLAIMED IS REASONABLE AND NECESSARY AND NOT ALREADY ACCOUNTED FOR IN THE IRS STANDARDS. | **$327.08** |

B22C (Official Form 22C) (Chapter 13) (01/08)

| 44 | **Additional food and clothing expense.**  Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  YOU MUST DEMONSTRATE THAT THE ADDITIONAL AMOUNT CLAIMED IS REASONABLE AND NECESSARY. | |
|---|---|---|
| 45 | **Charitable contributions.**  Enter the amount reasonably necessary for you to expend each month on charitble contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2).  DO NOT INCLUDE ANY AMOUNT IN EXCESS OF 15% OF YOUR GROSS MONTHLY INCOME. | $0.00 |
| 46 | **Total Additional Expense Deductions under § 707(b).**  Enter the total of Lines 39 through 45. | **$880.41** |

| Subpart C: Deductions for Debt Payment |
|---|

| 47 | **Future payments on secured claims.**  For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance.  The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60.  If necessary, list additional entries on a separate page.  Enter the total of the Average Monthly Payments on Line 47. | |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? | |
|---|---|---|---|---|---|
| a. | **Green Tree Servicing** | **Single family home located a** | **$856.07** | ☐ yes ☑ no | |
| b. | **Short Term Loans, LLC** | **2000 Chevrolet Prizm LSI (VI** | **$27.10** | ☐ yes ☑ no | |
| c. | **Taylor Bean & Whitaker Mortg** | **Single family home located a** | **$3,397.05** | ☑ yes ☐ no | |
| | | | Total: Add Lines a, b and c | | **$4,280.22** |

| 48 | **Other payments on secured claims.**  If any of the debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property.  The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure.  List and total any such amounts in the following chart.  If necessary, list additional entries on a separate page. | |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount | |
|---|---|---|---|---|
| a. | | | | |
| b. | | | | |
| c. | | | | |
| | | | Total:  Add Lines a, b and c | **$0.00** |

| 49 | **Payments on prepetition priority claims.**  Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing.  DO NOT INCLUDE CURRENT OBLIGATIONS, SUCH AS THOSE SET OUT IN LINE 33. | $23.13 |
|---|---|---|

| 50 | **Chapter 13 administrative expenses.**  Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | |
|---|---|---|

| | | | |
|---|---|---|---|
| a. | Projected average monthly chapter 13 plan payment. | $246.34 | |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | 6.3 % | |
| c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b | $15.52 |

| 51 | **Total Deductions for Debt Payment.**  Enter the total of Lines 47 through 50. | **$4,318.87** |
|---|---|---|

| Subpart D: Total Deductions from Income |
|---|

| 52 | **Total of all deductions from income.**  Enter the total of Lines 38, 46 and 51. | **$9,816.97** |
|---|---|---|

| | **Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)** | |
|---|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $6,804.27 |
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $0.00 |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $9,816.97 |
| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. YOU MUST PROVIDE YOUR CASE TRUSTEE WITH DOCUMENTATION OF THESE EXPENSES AND YOU MUST PROVIDE A DETAILED EXPLANATION OF THE SPECIAL CIRCUMSTANCES THAT MAKE SUCH EXPENSES NECESSARY AND REASONABLE. | $0.00 |

| | Nature of special circumstances | Amount of expense |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |
| | | Total: Add Lines a, b, and c |

| | | |
|---|---|---|
| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $9,816.97 |
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | ($3,012.70) |

| | **Part VI: ADDITIONAL EXPENSE CLAIMS** | |
|---|---|---|
| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |
| | Total: Add Lines a, b, and c | $0.00 |

| | **Part VII: VERIFICATION** | |
|---|---|---|
| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* Date: __12/04/2008__   Signature: __/s/ Sharon A. Gallardo__ (Debtor)   Date: ____   Signature: ____ (Joint Debtor, if any) | |

B6 Summary (Official Form 6 - Summary) (12/07)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION (CHICAGO)

In re  **Sharon A. Gallardo**                                    Case No.

Chapter     **13**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $238,200.00 | | |
| B - Personal Property | Yes | 5 | $19,641.21 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $256,813.01 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $1,387.50 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | $77,552.54 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $5,839.72 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $5,593.38 |
| TOTAL | | 20 | $257,841.21 | $335,753.05 | |

Form 6 - Statistical Summary (12/07)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re  **Sharon A. Gallardo**                                    Case No.

                                                              Chapter      **13**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | **$0.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | **$0.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | **$0.00** |
| Student Loan Obligations (from Schedule F) | **$0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | **$0.00** |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | **$0.00** |
| **TOTAL** | **$0.00** |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | **$5,839.72** |
| Average Expenses (from Schedule J, Line 18) | **$5,593.38** |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | **$6,804.27** |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | **$16,986.86** |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | **$1,387.50** | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | **$0.00** |
| 4.  Total from Schedule F | | **$77,552.54** |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | **$94,539.40** |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

| | | |
|---|---|---|
| IN RE: | § | |
| **Sharon A. Gallardo** | § | Case No. _____ |
| | § | |
| | § | |
| Debtor(s) | § | Chapter   **13**_____ |

## DECLARATION FOR ELECTRONIC FILING OF BANKRUPTCY
## PETITION, LISTS, STATEMENTS, AND SCHEDULES

### PART I: DECLARATION OF PETITIONER:

As an individual debtor in this case, or as the individual authorized to act on behalf of the corporation, partnership, or limited liability company seeking bankruptcy relief in this case, I hereby request relief as, or on behalf of, the debtor in accordance with the chapter of title 11, United States Code, specified in the petition to be filed electronically in this case.  I have read the information provided in the petition, lists, statements, and schedules to be filed electronically in this case and I HEREBY DECLARE UNDER PENALTY OF PERJURY that the information provided therein, as well as the social security information disclosed in this document, is true and correct.  I understand that this Declaration is to be filed with the Bankruptcy Court within five (5) business days after the petition, lists, statements, and schedules have been filed electronically.  I understand that a failure to file the signed original of this Declaration will result in the dismissal of my case.

☐ *[Only include for Chapter 7 individual petitioners whose debts are primarily consumer debts]* --
I am an individual whose debts are primarily consumer debts and who has chosen to file under chapter 7.  I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each chapter, and choose to proceed under chapter 7.

☐ *[Only include if petitioner is a corporation, partnership or limited liability company]* --
I hereby further declare under penalty of perjury that I have been authorized to file the petition, lists, statements, and schedules on behalf of the debtor in this case.

Date:   **12/04/2008**_____         **/s/ Sharon A. Gallardo**_____
Sharon A. Gallardo
Debtor
**Soc. Sec. No.   xxx-xx-7414**_____

### PART II: DECLARATION OF ATTORNEY:

I declare UNDER PENALTY OF PERJURY that: (1) I will give the debtor(s) a copy of all documents referenced by Part I herein which are filed with the United States Bankruptcy Court; and (2) I have informed the debtor(s), if an individual with primarily consumer debts, that he or she may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Date:   **12/04/2008**_____                         **/s/ Charles Wm. Dobra, Esq.**_____
Charles Wm. Dobra, Esq., Attorney for Debtor

B 1D (Official Form 1, Exhibit D) (12/08)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Sharon A. Gallardo**                                      Case No. _____

                                                                                    (if known)

                 Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.   *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me.   *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.   *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/08)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION (CHICAGO)**

In re:   **Sharon A. Gallardo**                                        Case No. _____

                                                                                            (if known)

           Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

*Continuation Sheet No. 1*

☐  4. I am not required to receive a credit counseling briefing because of:     *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

      ☐   Incapacity.  (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to
            be incapable of realizing and making rational decisions with respect to financial responsibilites.);

      ☐   Disability.  (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable
            effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

      ☐   Active military duty in a military combat zone.

☐  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of
11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Sharon A. Gallardo**_____
                                 Sharon A. Gallardo

Date: _____**12/04/2008**_____